UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL L. PHILLIPS, )
)
    Petitioner, )
)
vs. ) Case No. 4:13-CV-355 (CEJ)
)
MICHAEL S. BOWERSOX, )
)
    Respondent. )

**MEMORANDUM AND ORDER**

This matter is before the Court on the petition of Michael L. Phillips, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a response in opposition, and the issues are fully briefed.

**I.    Procedural Background**

Petitioner, Michael L. Phillips, is currently incarcerated at South Central Correctional Center in Licking, Missouri, pursuant to the sentence and judgment of the Circuit Court of the City of St. Louis. On July 16, 2008, following a jury trial, petitioner was found guilty of first-degree robbery, first-degree burglary, kidnaping, and three counts of armed criminal action. Resp. Ex. 1. On September 26, 2008, the trial court sentenced petitioner as a prior and persistent offender to concurrent sentences of twenty-two years of imprisonment for the robbery, fifteen years of imprisonment for the burglary, fifteen years for the kidnaping, and ten years for each of the three armed criminal action convictions. Id.

Petitioner filed a notice of appeal on October 1, 2008. Id. The Missouri Court of Appeals affirmed the judgment of the trial court on June 16, 2009, and issued the mandate on July 9, 2009. Resp. Ex. 4-5; State v. Phillips, 285 S.W.3d 426 (Mo. Ct.

App. 2009). Petitioner filed a motion for post-conviction relief in state court on September 24, 2009, which was denied on July 14, 2010. Resp. Ex. 6. Petitioner filed a notice of appeal on June 30, 2011. Id. The Missouri Court of Appeals affirmed the denial of post-conviction relief on June 26, 2012, and issued the mandate on July 18, 2012. Resp. Ex. 9-10; Phillips v. State, 369 S.W.3d 102 (Mo. Ct. App. 2012). Petitioner filed the instant habeas corpus petition on January 21, 2013.[1]

## II. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides for a one-year statute of limitations for habeas corpus petitions. 28 U.S.C. § 2244(d). The limitations period begins to run on the date that the state court judgment becomes final by the conclusion of direct review, or when the time for seeking such review expires, whichever is later. Id. § 2244(d)(1). This limitations period is tolled, however, while a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. Id. § 2244(d)(2).

Under § 2244(d), the instant petition is untimely. Petitioner filed his motion for post-conviction relief approximately three months after his convictions were affirmed on direct appeal. After his motion for post-conviction relief was denied on July 14, 2010, petitioner waited more than eleven months to file his notice of appeal. By the time he filed the notice of appeal on June 30, 2011, the one-year statute of limitations to file a federal habeas corpus petition had already expired. He then waited approximately seven months after the state court denied his appeal on June 26, 2012 before filing the instant federal habeas corpus petition on January 21, 2013.

---

[1] Although the petition was docketed on February 22, 2013, under the "prison mailbox rule," a habeas petition is considered "filed" on the date upon which the petitioner delivers the petition to prison authorities to be mailed to the court. Smith v. Roper, No. 4:03-CV-907-HEA(TIA), 2005 WL 2674942, at *2 n.1 (E.D. Mo. Oct. 20, 2005).

Petitioner argues that he is entitled to equitable tolling of the statute of limitations. He claims that the state post-conviction motion court failed to give him notice that it had reached a decision in his case. Although his motion for post-conviction relief was denied on July 14, 2010, petitioner states that he was not notified of that decision until May 25, 2011. Generally, equitable tolling is only appropriate when a petitioner can establish: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Walker v. Norris, 436 F.3d 1026, 1032 (8th Cir. 2006). Regardless of whether the delay in notice amounts to an extraordinary circumstance, petitioner cannot show that he has diligently pursued his rights. He allowed approximately seven months to elapse between his receipt of the final state court decision rejecting his motion for post-conviction relief, and the date on which he filed his habeas petition. Compare Earl v. Fabian, 556 F.3d 717, 724 (8th Cir. 2009) (rejecting petitioner's argument for equitable tolling, and finding that delay in filing habeas petition showed he had not pursued his rights diligently), with Diaz v. Kelly, 515 F.3d 149, 152-53 (2d Cir. 2008) (concluding that petitioner was entitled to the benefit of equitable tolling when, after receiving belated notice from state court that his appeal was denied, he "promptly filed his federal habeas corpus petition the next day"). Because petitioner has not shown that he has pursued his rights diligently, he cannot benefit from equitable tolling.

Petitioner also suggests that statutory tolling under 28 U.S.C. § 2244(d)(1)(B) is warranted in this case. To benefit from statutory tolling under that section, "a petitioner must show that the state created an impediment to the filing of his petition by action 'in violation of the Constitution or laws of the United States.' If such a showing is made, the one year AEDPA limitations period runs from the date such

impediment is removed." Earl, 556 F.3d at 725 (quoting 28 U.S.C. § 2244(d)(1)(B)). Petitioner contends that a state-created impediment - namely, the failure to notify him that the state trial court had denied his motion for post-conviction relief - prevented him from timely filing his federal habeas petition. Although "lack of notice that a state judgment of conviction has become final could be an impediment" to justify tolling under § 2244(d)(1)(B), see id. at 726, lack of notice of a decision on a state post-conviction motion is not. Because the statute of limitations period had already begun when the "impediment" arose, § 2244(d)(1)(B) does not apply. See Chhoeum v. Shannon, 219 F.Supp.2d 649, 653 (E.D. Pa. 2002), *overruled on other grounds*, (holding that 28 U.S.C. § 2244(d)(1)(B) "does not authorize statutory tolling where an impediment arises during a limitation period that is already running.").

### III. Conclusion

For the reasons discussed above, the Court concludes that the petition for a writ of habeas corpus was untimely filed under § 2244(d) and must be dismissed. Additionally, because petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of June, 2014.